IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL WEST,

        Petitioner,

   v.

J.E. THOMAS, Warden, FCI Sheridan,

        Respondent.

Case No. 3:10-cv-00427

FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge

    Petitioner, currently an inmate at FCI Sandstone, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) denial of his request for credit for time served toward his federal sentence. For the reasons set forth below, the amended petition should be denied.

## BACKGROUND

    In 2003, petitioner was charged in federal court with wire fraud for his participation in a scheme to defraud Geico Insurance Company through false insurance claims. United States v. West, 207 Fed. Appx. 719, 721 (7th Cir. 2006); Dec. of John Farrar, Att. 2 at

1 -- FINDINGS AND RECOMMENDATION

5. On May 14, 2003, petitioner was transferred from the Illinois Department of Corrections (IDOC) to federal custody pursuant to a writ of habeas corpus ad prosequendum. Farrar Dec. at ¶ 3. At that time, petitioner was serving concurrent Illinois and Wisconsin state sentences. Id.

Petitioner was detained at the Metropolitan Correctional Center in Chicago, and subsequently accused of taking part in a conspiracy to smuggle heroin into that facility. Id. at ¶ 4; United States v. West, 207 Fed. Appx. at 721. On June 2, 2004, petitioner was indicted for conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; conspiracy to possess heroin and possession of heroin in violation of 18 U.S.C. §§ 846 & 841; and for being an inmate in possession of a prohibited object in violation of 18 U.S.C. § 1791. Farrar Dec., Att. 2 at 6.

On July 6, 2004, petitioner completed service of his Wisconsin state sentence. Farrar Dec. at ¶ 5 & Att. 3; Amended Petition (#9), Exh. B. On September 9, 2005, defendant pled guilty, in the U.S. District Court for the Northern District of Illinois, to possession of contraband and conspiracy charges. United States v. West, 1:04-cr-0029801 (N.D.Ill.), Doc. #94. On March 9, 2006, petitioner was sentenced to 130 months imprisonment, to run consecutively with the state sentences he was serving. Id. at Doc. #127; Farrar Dec. at ¶ 6 & Att. 4. The district judge stated

2 -- FINDINGS AND RECOMMENDATION

orally at the sentencing hearing that petitioner would "be given credit for time served." Amended Petition (#9), Exh. C.[1] The court's written judgment provides that petitioner "shall receive credit for time served as it comports with § 1791(c)."[2] Farrar Dec., Att. 4 at 2.

On September 6, 2006, the State of Illinois released petitioner from his state sentence, via parole, to exclusive federal custody. Farrar Dec. at ¶ 7 & Att. 9; Amended Petition (#9), Exh. F. The BOP computed petitioner's federal sentence as commencing on that date, with no credit for time served. Id. at ¶¶ 8 & 9. Petitioner's projected federal release date is in 2016.

## DISCUSSION

"By statute, a federal sentence 'commences on the date the defendant is received in custody' at the 'official detention facility at which the sentenced is to be served.'" Reynolds v.

---

[1] It is worthy of note that this court has not been provided a complete transcript of the sentencing hearing. However, it appears that the district judge may have clarified her statement regarding credit for time served. At the bottom of page 44 of the sentencing transcript, the only page provided by petitioner, the prosecution questioned the court's statement regarding credit for time served. However, the full question and answer are not contained in the record.

[2] 18 U.S.C. § 1791(c) provides that a sentence imposed for a violation involving a controlled substance shall be consecutive to the sentence being served by such inmate at the time the inmate commits such violation.

Thomas, 603 F.3d 1144, 1149 (9th Cir. 2010), cert. dismissed, 132 S.Ct. 1854 (2012) (quoting 18 U.S.C. § 3585(a)).  Pursuant to § 3585(b), the BOP shall not give credit for presentence custody which has been credited against another sentence.

In the instant proceeding, it is undisputed that petitioner was serving Wisconsin and Illinois state sentences at the time he was transferred pursuant to a writ of habeas corpus ad prosequendum into federal custody.  It is well settled that the temporary transfer of a prisoner from state prison to the BOP's custody for purposes of federal prosecution does not interrupt his state custody.  Schleining v. Thomas, 642 F.3d 1242, 1243 n. 1 (9th Cir. 2011), cert. denied, 2012 WL 1249432 (2012); Thomas v. Brewer, 923 F.2d 1361, 1367-69 (9th Cir. 1991).

While in federal custody awaiting disposition of his federal charges (from May, 2003 to March, 2006), petitioner received credit against his state sentence(s).  Petitioner was paroled from his Illinois state sentence on September 6, 2006, at which time his federal sentence commenced.  Because the time petitioner served prior to September 6, 2006, was credited to his state sentence(s), the BOP properly refused to credit the time against his consecutive federal sentence pursuant to § 3585(b).  See Pinnow v. Graber, 452 Fed. Appx. 740, 741 (9th Cir. Oct. 5, 2011); Shotland v. Duncan, 426 Fed. Appx. 521 (9th Cir. Apr. 11, 2011); Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998).  The federal judge's oral statement that

4 -- FINDINGS AND RECOMMENDATION

petitioner would receive credit for time served does not demand a contrary result. Accordingly, habeas relief is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (#9) should be denied, and this proceeding dismissed, with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 22, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due July 9, 2012. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of June, 2012.

                /s/ Dennis J. Hubel

                _____
                Dennis J. Hubel
                United States Magistrate Judge